**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4504**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

MICHAEL MAKALOU,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:11-cr-00489-JCC-1)

_____

Submitted:  March 14, 2013            Decided:  April 3, 2013

_____

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Barry Coburn, COBURN & GREENBAUM, PLLC, Washington, D.C., for
Appellant.  Neil H. MacBride, United States Attorney, Rebeca H.
Bellows, Assistant United States Attorney, Alexandria, Virginia;
Lanny A. Breuer, Assistant Attorney General, Sarah Chang, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Makalou appeals his conviction for assault with a deadly weapon under 18 U.S.C. § 113(a)(3) (2006). On appeal, Makalou argues that the evidence was insufficient to support his conviction and that the district court abused its discretion when it denied his motions for a new trial. We affirm.

This court reviews the denial of a Fed. R. Crim. P. 29 motion de novo. United States v. Lawing, 703 F.3d 229, 239 (4th Cir. 2012). When a Rule 29 motion is based on a claim of insufficient evidence, the verdict must be sustained "if there is substantial evidence, viewed in the light most favorable to the government, to support it." Id. (internal quotation marks omitted). We will not weigh evidence or review witness credibility. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

The government was required to prove that Makalou committed an assault with a deadly weapon with the intent to cause bodily harm. See 18 U.S.C. § 113(a)(3); United States v. Sturgis, 48 F.3d 784, 786 (4th Cir. 1995). The district court found credible the testimony of the victim, an examining doctor, a neighbor, and several federal agents. Taking the view most favorable to the government, the evidence established each element of the offense beyond a reasonable doubt. We thus

reject Makalou's challenge to the sufficiency of the evidence. See Lawing, 703 F.3d at 240.

A district court may grant a new trial on a defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 motions are granted "sparingly[] and . . . only when the evidence weighs heavily against the verdict." United States v. Chong Lam, 677 F.3d 190, 203 (4th Cir. 2012) (internal quotation marks omitted). Our review of the district court's denial is for abuse of discretion. United States v. Moore, ___ F.3d ___, ___, 2013 WL 765746, at *4 (4th Cir. Mar. 1, 2013).

After a complete review of the record, we conclude that Makalou did not present sufficient grounds for which the district court could grant him a new trial. See United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993) ("This circuit has emphasized that new evidence going only to the credibility of a witness does not generally warrant the granting of a new trial."); see also Moore, 2013 WL 765746, at *4 (setting forth five factors that district courts consider when evaluating motion for new trial based on newly discovered evidence). We therefore conclude that the district court did not abuse its discretion in denying the motions for a new trial.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED